THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HAWKINS *et al.*, Defendants-Appellants.

(Nos. 53926, 53930 cons.;

First District—February 11, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Theodore A. Gottfried, and James R. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

In a jury trial defendants James Hawkins and George Sanders were found guilty of attempt robbery. In the same trial James Hawkins was also found guilty of attempt murder. Defendant Sanders was sentenced

by the court to a term of seven to fourteen years. James Hawkins was sentenced to a term of seven to fourteen years for the crime of attempt robbery and to a term of ten to twenty for the crime of attempt murder, the sentences to be served concurrently.

On appeal defendant Hawkins contends that error was committed in the imposition of two sentences for crimes arising out of the same transaction. Both defendants also argue that the sentences imposed by the court were too severe and they urge this court to reduce them.

The State presented three witnesses. Thomas Marton testified that at 6:00 P.M. on December 22, 1967, he was removing merchandise from the display window of his jewelry store window at 19 West Jackson in Chicago. At that time defendant Sanders entered the store, held a gun on the witness' parents and said, "Don't move." Seconds later defendant Hawkins entered the store and held a gun on the witness. Immediately after Hawkins pulled the gun on the witness the door opened again and police officer William Thompson said, "Police Officer. Drop your guns." At that time defendant Hawkins pointed his gun toward the door and the witness dropped behind a showcase. The witness then heard a click, followed by defendant Hawkins saying, "God damn it." There followed a gun shot and the witness rose from behind the counter to see Hawkins on the floor. The witness then went to a telephone to summon the police while Officer Thompson held Sanders.

The second witness for the State was David Marton, the father of Thomas Marton. He testified that he was in the jewelry store on West Jackson on December 22, 1967, with his wife and son. Two men entered the store at closing time. One of the men came up to the witness and his wife and the second man went to his son. They were told that it was a stick up and that they should not move. Mrs. Marton became excited and defendant Sanders moved away toward the door. At that point a voice said, "I'm a police officer, drop your guns." Then there was the click of a gun and the witness and his wife ran to the back of the store. He heard a shot fired. The next thing the witness saw was Officer Thompson holding Sanders and Hawkins lying on the floor.

The final State witness was William Thompson, a detective with the Chicago Police Department. He testified that on the date of the occurrence he was off duty and walking near the John Marshall Law School. He observed an automobile parked near a loading dock with its lights out and the motor running and bearing license plates bent in such a way that the numbers were obscured. Three occupants left the car, another remained in the driver's seat. The Officer followed the men to the jewelry store. Inside the store he could see Hawkins and Sanders holding revolvers on two men and a woman. As he approached the door it was

opened by Sanders. The witness announced his office and ordered the men to drop their guns. Hawkins raised his gun and pointed it at the witness' head. The weapon misfired and the officer then fired at Hawkins, hitting him in the finger and the jaw. The third man and the driver of the car were not seen again.

The single witness for the defense was James Hawkins. He testified that he was in the vicinity of the occurrence on December 22, 1967, with Sanders and the owner of the car whose name was Cliff. The witness walked with Sanders. He noticed the jewelry store and went in to see if he could have the money returned for a watch which he thought he thought he had bought there. When he walked into the store he pulled his gun and noticed that Sanders did the same. Then, realizing that they were in the wrong store, he and Sanders moved toward the door to leave. He did not get to the door when he was struck by a bullet. He stated that he neither saw nor heard Officer Thompson before he was shot, nor did he point his own gun at the Officer or pull the trigger.

Defendant Hawkins' first point on appeal is that it was error to convict him of two crimes for his actions arising out of a single transaction. *People v. Boyd,* 105 Ill.App.2d 345, is cited in support of this contention. In that case a conviction for aggravated battery was reversed and a conviction for attempt robbery was affirmed. The defendant had first demanded money and when the witness failed to comply with the demand he was beaten by defendant. The reviewing court found the attempt robbery and the aggravated battery to be a part of the same transaction.

■■ We believe that the factual situation of the case at bar distinguishes it from *Boyd* and from *People v. Scott,* 43 Ill.2d 135, and *People v. Stewart,* 45 Ill.2d 310, cited by defendant on oral argument. The Criminal Code provision relating to the imposition of sentences is ch. 38, par. 1-7(m) Ill. Rev. Stat. 1965, states:

> When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses.

The term "conduct" is defined as "An act or a series of acts, and the accompanying mental state." Ill. Rev. Stat. 1965, ch. 38, par. 2—4. We believe it is clear that the conduct which was proved as a basis for the attempt robbery conviction was factually, and under the definition of par. 2—4, legally distinct from the conduct which evidenced attempt murder. Though closely related in time and location, the acts and accompanying mental state of defendant Hawkins in pointing and misfiring

his revolver in the direction of Officer Thompson is clearly conduct distinct and apart from the preceding acts and intentions of the two defendants. For a fuller exposition of our views on this point see *People v. Baker*, 114 Ill.App.2d 450. We find no error in the two convictions of defendant Hawkins and the imposition of two sentences therefor.

Both defendants contend on appeal that their sentences were excessive and should be reduced by this court under the provisions of Supreme Court Rule 615(b)(4). Evidence was submitted at the hearing in aggravation and mitigation indicating that defendant Sanders is 23 years of age and has served one sentence in the Illinois State Penitentiary for armed robbery and a sentence in the House of Correction for petty larceny. Defendant Hawkins is 21 years of age and is married with three children. He has had no previous felony convictions but has served two sentences in the House of Correction for theft and criminal trespass to a vehicle.

■■ This court has frequently restated the belief that the trial court occupies a superior position for the determination of a proper sentence. The power of this court to reduce a sentence will be exercised primarily to prevent arbitrary or oppressive sentencing, to provide penalties which are in proportion with the crime and to recognize the varying rehabilitation potentials of defendants. Application of these considerations in this case convinces us that reduction of the defendants' sentences would not be appropriate. See *People v. Caldwell*, 39 Ill.2d 346, 355-356, and *People v. Taylor*, 33 Ill.2d 417, 424.

The judgments are affirmed.

Judgments affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.