THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAM SMITH, Defendant-Appellant.

(No. 57241;

First District (4th Division)—June 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Judith Smith Leland, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Sharon Grossman, and Frank Deboni, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, the defendant was found guilty of murder of James Booker and armed robberies of Hiram Booker and Sam Booker. He was sentenced from 20 to 40 years for murder and from two to five years for each armed robbery, all sentences to run concurrently.

The defendant appeals, contending that the conviction and sentencing for three separate offenses of armed robberies and murder which occurred at the exact same time and place and arising out of a series of acts in the same transaction and the same conduct is improper. In a supplemental and *pro se* brief, defendant further contends that he was not proven guilty beyond a reasonable doubt and that the trial testimony was not of clear and convincing quality.

The State's witnesses testified that on July 25, 1970, at about 12:00 or 12:30 A.M., the defendant and others entered the premises at 1620 South Ridgeway for the purpose of gambling. The defendant left and returned with a shotgun, and announced a "stickup." He took money from Sam Booker and shot James Booker. He then got into a fight with Hiram Booker and took money from him.

The defendant's witnesses testified that the defendant was on the premises at the time of the shooting; that the deceased had a pistol; that

the deceased and defendant had an argument, and that defendant did not have a shotgun.

The defendant testified in his own behalf that he did not shoot the deceased; that he got into an argument over some money the deceased owed him; that the deceased went for a pistol and then one Larry Rutledge entered with a shotgun and announced a "stickup."

The defendant's contention is that the convictions for the murder of James Booker and the armed robberies of Hiram Booker and Sam Booker are improper because all three offenses occurred from the same series of acts in the same transaction and same conduct. All of the cases the defendant cites in his brief echo this theme, and rightly so, for each of the cases involved a fact situation in which the conduct constituting the first offense was not separable from that which constituted the second or third offense.

The case at bar is distinguishable. Here the defendant first shot James Booker, then, in turn, robbed Hiram and Sam Booker. Each offense involved separate conduct and accompanying mental state. In *People v. Wilson* (1972), 51 Ill.2d 302, 281 N.E.2d 626, the court said at pages 310-11:

> "The facts in the instant case make it easily distinguishable from the circumstances in the cited cases. Here the acts and mental state which constituted attempted burglary and murder were independent and the conduct which constituted each offense was separable.
>
> Consequently, the separate and consecutive sentences were proper. The two offenses, independently motivated or otherwise separable, formed the converse of the situation found in *People v. Whittington,* 46 Ill.2d 405. Obviously, the offenses of attempting to commit the burglary and of murder, of which the defendant was convicted, did not result from the same conduct or mental state. See: Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m)."

In *Wilson,* the defendant was attempting to enter a supermarket to burglarize it. A police officer came on the scene and Wilson fatally shot him. He was convicted of murder and attempted burglary, with consecutive sentences. Here the defendant was convicted of murder and armed robbery of two people other than the one he shot; he was given concurrent sentences. The important fact remains that in both cases the conduct of the defendant was not the same conduct as defined in Ill. Rev. Stat. 1969, ch. 38, sec. 1—7(m). The acts and their accompanying mental state were separate and apart although close in time. (*People v. Baker* (1969), 114 Ill.App.2d 450, 456, 252 N.E.2d 693; *People v. Holt* (1972), 7 Ill.App.3d 646, 655, 288 N.E.2d 245.) In affirming con-

victions for two different crimes, we do not mean to imply that defendant's acts of murder and robbery were wholly unrelated in time and fact; the evidence clearly indicates that there was a connection. However, the "conduct" in perpetrating the two offenses was not the same conduct as it is defined in the statute; the acts, and especially their accompanying mental state, were different, even though closely joined in time. The convictions of murder and armed robberies with concurrent sentences were proper.

■■ The defendant in a *pro se* supplemental brief also contends that he was not proven guilty beyond a reasonable doubt in that the testimony was not clear and convincing and was inconsistent. The defendant cites *People v. Coulson* (1958), 13 Ill.2d 290, 149 N.E.2d 96. There the court reversed a conviction of armed robbery because the testimony was in direct conflict and the conviction was based primarily upon the testimony of one Bailey, the complaining witness and the sole witness to the alleged crime. Here there were three State's witnesses who testified that the defendant fired the shotgun. The Illinois Supreme Court in *People v. Hairston* (1970), 46 Ill.2d 348, 366, 263 N.E.2d 840, said: "If the testimony of the witnesses is positive and credible it is sufficient to convict, and this is so even though such testimony is contradicted by the accused."

■■ Here the record discloses no material contradictions or inconsistencies in the testimony of the State's witnesses. It is also the function of the jury or the trial judge to determine the credibility of the witnesses and the weight to be given their testimony, and on review, this court will not substitute its judgment for that of the jury or trial court unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to justify a reasonable doubt of guilt. *People v. Coulson* (1958), 13 Ill.2d 290, 149 N.E.2d 96.

For the reasons set forth, the judgments and sentences of the circuit court of Cook County are hereby affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.