THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME HENDERSON, Defendant-Appellant.

(No. 71-293;

Fifth District—May 27, 1974.

Robert E. Farrell, of Office of State Appellate Defender, of Mt. Vernon, and Ted Mannen and William L. Clark, Senior Law Students, for appellant.

W. C. Spomer, State's Attorney, of Cairo (Ralph J. Mendelsohn, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of Alexander County, on a jury verdict, against the defendant, Jerome Henderson, for the offenses of attempt murder and attempt armed robbery, and the imposition of sentences of 4 to 12 years for attempt murder and 2 to 7 years for attempt armed robbery, said sentences to run concurrently.

The defendant contends: first, that the "one-man show up" of the defendant was overly suggestive; secondly, that the identification was the fruit of an unlawful arrest; and lastly, that both convictions were based on the same conduct arising from a single transaction.

Marion Verble, a gasoline station attendant, was stabbed by his assailant who succeeded in taking money from him. Verble then fought his assailant and recovered the money from him. The assailant then again stabbed Verble and fled, after stating that he was stabbing him to "do away with the evidence." Approximately 3 days after the above incident, the complainant was shown a group of photographs by the police. The complainant identified a photograph of the defendant as being the alleged assailant. Based upon this tentative identification by the complainant the defendant was contacted and asked to come to the police station.

Upon the defendant's arrival at the police station, he was questioned briefly and then taken to the hospital wherein the complainant was recuperating. The defendant was taken into the complainant's room and was identified by the complainant as the assailant who had attempted to rob and had stabbed him. Subsequently, the defendant was again brought

to the hospital and in the presence of numerous police officers, he was identified by the complainant.

■■ It is now argued that the procedures followed in displaying the defendant to the complainant were so unnecessarily suggestive as to cause the complainant to misidentify the defendant as the alleged assailant. It is well established that if the confrontation is so suggestive that it deprives a suspect of due process of law, the evidence of identification is rendered inadmissible. *Stovall v. Denno* (1967), 388 U.S. 293, 18 L.Ed. 2d 1199, 87 S.Ct. 1967; *People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152.

■■ There are several situations, however, in which a "one-man show up" is justified. One such situation is where a showing in a hospital is necessitated by the uncertainty of the victim surviving. (*Stovall v. Denno* (1967), 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967; *People v. Blumenshine,* 42 Ill.2d 508, 250 N.E.2d 152; *People v. Owens,* 126 Ill.App.2d 379, 261 N.E.2d 785; *People v. Boyce,* 113 Ill.App.2d 266, 252 N.E.2d 71.) In *Stovall,* the United States Supreme Court upheld the validity of the identification and stated:

> "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned. However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it, and the record in the present case reveals that the showing of Stovall to Mrs. Behrendt in an immediate hospital confrontation was imperative." 388 U.S. at 302, 18 L.Ed.2d at 1206, 87 S.Ct. at 1972.

In *Owens* and *Boyce* Illinois appellate courts upheld "one-man show up" identifications in hospitals even though the witnesses were not in critical condition. Therein the procedure was justified on the ground that the victim faced hospitalization for a considerable length of time.

In the instant case the evidence in the record discloses that on April 29, 1971, the day of the "one-man show up," the complainant was in critical condition. At the pre-trial hearing on the motion to suppress the identification William Bowers, a Cairo police officer, stated that he knew the extent of the complainant's wounds, that the complainant had been in surgery and his condition was critical.

Under such circumstances the single suspect identification of April 29, 1971, was justified and not so suggestive as to violate the defendant's right to due process of law. This is even more apparent when it is realized that the "one-man show up" did not occur until after the complainant had identified the defendant from a group of eight photographs. Accordingly,

we find no merit in the defendant's contention that the single-suspect identification was overly suggestive.

Next, it is argued that said identification was the fruit of an unlawful arrest and as such should have been suppressed. That claim was advanced by the defendant in a pre-trial motion to dismiss the indictment, but the motion was denied. The State, while conceding that the defendant was arrested without a warrant, maintains that there was probable cause for such an arrest.

■■ A warrantless arrest is justified when the arresting officer has reasonable grounds to believe that a person is committing or has committed an offense. (Ill. Rev. Stat. 1969, ch. 38, sec. 107—2(c).) "Reasonable cause does not require evidence sufficient to convict one arrested, but requires only that a reasonable and prudent man having the knowledge possessed by the arresting officer at the time would believe the person had committed an offense." *People v. Doss*, 44 Ill.2d 541, 546, 256 N.E.2d 753, 756.

In the instant case the police knew that a crime had been committed and that the victim thereof, who had a close look at the assailant, made a photographic identification of the defendant. We find that such particulars constituted reasonable grounds to suspect the defendant of the offense in question, and, therefore, the arrest, although warrantless, was lawful.

Finally, the defendant contends that both convictions, attempt murder and attempt armed robbery, were based on the same conduct arising from a single transaction. The thrust of this argument is that the State failed to establish that the two offenses were independently motivated or otherwise separable.

Section 1—7(m) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, sec. 1—7(m)), which was applicable at all times relevant to the case at bar, provides that:

> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

Thus, it is error to sentence a defendant for two or more offenses if each offense arises out of the same conduct. (*People v. Duszkewycz*, 27 Ill.2d 257, 189 N.E.2d 299.) This proscription applies whether the sentences imposed are to run concurrently or consecutively. (*People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316; *People v. Miles*, 133 Ill.App.2d 599, 273

N.E.2d 647.) The Criminal Code defines conduct as "an act or series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1969, ch. 38, par. 2—4.) Separate sentences may be imposed for distinct acts which are independently motivated or otherwise separable although they arise out of the same conduct. *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601; *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24.

In *People v. Hawkins*, 131 Ill.App.2d 286, 288, 268 N.E.2d 511, 513, the court there held:

> "We believe it is clear that the conduct which was proved as a basis for the attempt robbery conviction was factually, and under the definition of § 2—4, legally distinct from the conduct which evidenced attempt murder."

Likewise, in *People v. Garry*, 131 Ill.App.2d 715, 268 N.E.2d 568, it was held that attempt murder and attempt armed robbery were two separate offenses. In *Garry*, the court stated that attempt murder includes an additional element other than attempt robbery, *i.e.*, the intent to kill. In *People v. Tittsworth*, 131 Ill.App.2d 907, 268 N.E.2d 884, the defendant was convicted of robbery and involuntary manslaughter and the court similarly held that the two offenses were independently motivated and that separate concurrent sentences could be imposed. This court, under a set of facts similar to those herein present, had an occasion, in *People v. Ike*, 7 Ill.App.3d 75, 286 N.E.2d 391, to affirm concurrent but separate sentences for the offenses of attempt murder and armed robbery. Therein we stated "that though the robbery and attempted murder arose out of closely related acts of defendant they nonetheless constituted two separate and distinct offenses * * *." 7 Ill.App.3d at 81, 286 N.E.2d at 395.

■■ We believe that two separate and distinct offenses were charged here. From the testimony of the complainant it appears that the attempt murder was subsequent to the time the attempt armed robbery was perpetrated. And, the words attributed to the defendant indicate that the attempt murder was motivated, not by a desire to rob the complainant, but by an intent to "do away with the evidence." Applying the "independent motivation" test to the instant case, we find that the sentencing of the defendant to concurrent sentences for attempt murder and attempt armed robbery was, under the circumstances herein present, proper.

A like result would be reached under the Unified Code of Corrections; see *People v. Siglar*, 18 Ill.App.3d 381, 309 N.E.2d 710.

In view of the foregoing the judgment of the circuit court of Alexander County is affirmed.

Judgment affirmed.

CARTER and CREBS, JJ., concur.