THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES PENDLETON, Defendant-Appellant.
First District (3rd Division)    No. 78-1866

Opinion filed March 17, 1982.

Michael L. Sherman and Thomas W. Drexler, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Joseph J. McNerney, III, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Following a jury trial, defendant, James Pendleton, was found guilty of rape and armed robbery and sentenced to 6 to 8 years on each offense, the sentences to run concurrently.

On appeal, defendant raises three issues. First, that the trial court erred in denying his motion to quash his arrest and suppress his lineup identification. Second, that he was denied a fair trial when witnesses

referred to police photographs as mug shots and when these photographs were admitted. The defendant failed to preserve either of these issues by failing to raise them specifically in his motion for a new trial. Additionally, defendant failed to object to the photographs when tendered into evidence. Nevertheless, because of their possible bearing on the third issue that he was denied a fair trial due to the incompetency of counsel, we will address both issues.

On May 30, 1975, defendant was stopped by the police because his vehicle failed to display a front license plate. Defendant was unable to produce a valid driver's license. He was taken to the police station and was issued two tickets, one for failure to display a front license plate and the other for failure to produce a valid driver's license. A bond of $50 was set for the traffic violations; defendant's family came to the police station with sufficient money to bail him out. However, police did not release the defendant. The arresting officer had called the "hot desk" and was informed that defendant had a "stop order" placed against him for rape. The stop order had been issued on the basis of prosecutrix' identification of a photograph of the defendant. Later that day defendant was placed in a lineup where he was identified by the prosecutrix as the man who had raped her. Defendant was then charged with the crime of rape.

## I

Defendant made a pretrial motion to quash his arrest and suppress his lineup identification. The trial court denied both motions. Defendant contends this action was error and denied him a fair trial. Defendant contends (1) the police lacked probable cause for his arrest; (2) the police improperly held him in custody after bail money had been tendered; and (3) that he was denied right to counsel at the police lineup. We discuss his contentions in that order.

(1) A police officer may arrest a person without a warrant when he "has reasonable grounds to believe that the person is committing or has committed an offense." (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c).) Whether or not probable cause exists in a particular case depends on the totality of the facts and circumstances known to the officers when the arrest was made. *People v. Robinson* (1976), 62 Ill. 2d 273, 276-77, 342 N.E.2d 356.

In the case before us, the police officers had ample basis for the initial warrantless arrest of defendant for the traffic violation. When the police stopped the defendant his vehicle did not display a front license plate, nor could defendant produce a driver's license. Following customary procedures, the officers took defendant to the police station where bond was set.

(2) Defendant contends that he should have been released when the bail set for the traffic violations was tendered. However, a name check at the station revealed defendant was wanted on the rape charge, so he was not released and a lineup was arranged. In a case very similar to the one before us (*People v. Hinton* (1977), 45 Ill. App. 3d 925, 928, 360 N.E.2d 451), the defendant was initially arrested for disorderly conduct. Later that same day, the defendant was identified in a lineup and subsequently indicted for rape. This court concluded that because there was clear probable cause for the original arrest of defendant, it followed that any identifications which stemmed from the arrest could properly be admitted into evidence against the defendant.

Here, defendant's initial arrest for a traffic violation was clearly based on probable cause. As in *Hinton*, defendant was placed in a lineup on the same day as his arrest and positively identified by the prosecutrix as her assailant. Defendant does not contend that an unreasonable amount of time elapsed between defendant's arrest and his participation in the lineup. Nor does the defendant complain that the lineup was suggestive. Therefore, because the initial arrest of defendant was proper, the lineup identification was also proper.

■■ Further, the identification by prosecutrix of defendant's photograph as portraying the offender gave the police probable cause for holding defendant on the rape charge for the lineup which followed. (*People v. Henderson* (1974), 20 Ill. App. 3d 120, 312 N.E.2d 655.) That the police did not formally declare that the defendant was under arrest for rape did not affect the legality of his detention. *People v. Helms* (1978), 67 Ill. App. 3d 729, 735, 385 N.E.2d 127.

(3) We now turn to defendant's contention that he was denied right to counsel at the police lineup. It is well settled that a person's sixth and fourteenth amendment right to counsel attaches only at or after the time adversary judicial proceedings have been initiated against him. Such adversary proceedings may be initiated by way of a formal charge, preliminary hearing, indictment, information or arraignment. *Kirby v. Illinois* (1972), 406 U.S. 682, 688-89, 32 L. Ed. 2d 411, 417, 92 S. Ct. 1877, 1881-82; *People v. Earl* (1979), 78 Ill. App. 3d 188, 397 N.E.2d 97.

■■ Here, at the time of the lineup under question, defendant had not been charged either by indictment or information. No initiation of an adversary judicial criminal proceeding had begun with respect to the crime for which the identification was sought. Therefore, defendant's constitutional right to counsel did not attach. (*People v. Earl* (1979), 78 Ill. App. 3d 188, 193.) Since there was probable cause for the initial arrest, and probable cause for further detention, the lineup identification which followed was not the fruit of any illegal arrest, nor was it tainted by any

deprivation of right to counsel. Accordingly, we find that the trial court correctly denied defendant's motions to quash his arrest and suppress his lineup identification.

## II

Defendant next contends that he was denied a fair trial when, during the course of the trial the prosecutrix used the phrase "mug shots" in referring to the photographs from which she identified the defendant. The court, out of the presence of the jury, advised the prosecutrix to refrain from the use of the term "mug shots" and no further mention was made. Later, a police officer made mention of "mug shots" from "mug books" when testifying in regard to the source of the photographs used for the identification of the defendant. In response to the police officer's third such reference the court had his statement stricken and again no further mention was made during trial.

■■ We are of the opinion that the brief references to the source of the photographs by the prosecutrix and the police officer were not prejudicial error. In each instance, the court took precautionary measures to prevent further mention of the term "mug shots" or "mug books" during the trial.

■■ Defendant also contends that it was error for the trial court to admit these photographs into evidence. He maintains that the testimony and the photographs were prejudicial because they suggested to the jury that the defendant had been engaged in prior criminal activity. Generally evidence of other offenses is inadmissible except, however, where the evidence tends to aid in the identification of the accused as the person who committed the crime charged. (*People v. Lewis* (1964), 30 Ill. 2d 617, 621, 198 N.E.2d 812.) The admission into evidence or testimony of police photographs is not error *per se*, even if an inference of defendant's prior criminal activity could be drawn by the jury. (*People v. Longstreet* (1974), 23 Ill. App. 3d 874, 881, 320 N.E.2d 529.) Specifically, "mug shots" are not held to be prejudicial as constituting evidence of other offenses where they are relevant to the issue of identity. (*People v. Hardy* (1979), 70 Ill. App. 3d 351, 361, 387 N.E.2d 1042.) The police photographs were shown to the prosecutrix for the purpose of identification. Prior to their admission into evidence, the police legends were removed from the photographs to disguise, as much as possible, the fact that the photographs were taken from police files. (*People v. Longstreet* (1974), 23 Ill. App. 3d 874, 881; *People v. Hardy* (1979), 70 Ill. App. 3d 351, 361.) Therefore, the introduction of these photographs did not unfairly prejudice defendant.

## III

■■ The defendant's third contention is that he was denied a fair trial by the incompetency of counsel. Defendant's trial attorney was privately

retained. In evaluating the competence of counsel, Illinois courts historically have employed a two-tiered system. In cases involving privately retained counsel defendants' convictions were not reversed unless the representation was of such a low caliber as to amount to no representation at all or reduced the court proceedings to a farce or sham. (*People v. Torres* (1973), 54 Ill. 2d 384, 391, 297 N.E.2d 142.) In cases with appointed counsel, a higher standard was employed and defendants were granted new trials "if counsel was actually incompetent, as reflected in the performance of his duties as trial attorney, and if this incompetence produced substantial prejudice to the defendant without which the result of the trial would probably have been different." (*People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203.) In *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708, the United States Supreme Court held that it saw no basis for drawing this distinction between retained and appointed counsel. We will, as has been done in recent Illinois appellate decisions, use the higher of the two standards in evaluating the representation of defendant's counsel. *People v. Scott* (1981), 94 Ill. App. 3d 159, 163, 418 N.E.2d 805.

■■ Defendant's first contention is that defense counsel failed to cross-examine properly the prosecutrix in order to discredit her direct testimony. However, the record shows that defense counsel on cross-examination did elicit some testimony that was favorable to the defendant. For instance, the prosecutrix admitted that the scene of the crime was actually darker than portrayed in a prosecution photograph. Counsel also established a discrepancy in the way the prosecutrix described defendant's jacket. Furthermore, that no great harm was done on cross-examination to the testimony of the prosecutrix appears to be due to the strength of that testimony rather than to any lack of competence displayed by defense counsel. Under these circumstances, we cannot conclude that counsel's representation caused such substantial prejudice to defendant that the outcome was probably changed.

Defendant's second contention is that counsel failed to object to the admission of police photographs of defendant. We have already concluded that such evidence was admissible at trial. Nevertheless, even if this evidence were inadmissible, "incompetency is not established by mere failure to object to inadmissible evidence." *People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677.

In his third contention defendant alleges trial counsel's failure to develop the alibi defense. Defendant points out that the testimony of the sole alibi witness was discredited on cross-examination and on re-cross-examination and further by the testimony of a State's witness. Defendant contends that at this point counsel should have recalled Ms. Jackson to the stand in order to clarify and buttress her testimony. Moreover, defendant

alleges that counsel should have produced at least one additional alibi witness.

The determination of whether or not to call a witness is generally a matter of trial strategy. (*People v. Elder* (1979), 73 Ill. App. 3d 192, 203, 391 N.E.2d 403.) Even if it were an error on the part of trial counsel not to produce this additional testimony, errors in strategy and judgment on the part of counsel do not render the representation incompetent. *People v. Murphy* (1978), 72 Ill. 2d 421, 437.

■■ Finally, defendant maintains that counsel's statements in closing argument presenting alternate theories of defense could have been perceived by the jury as conceding guilt. We do not agree. In appraising the comments it appears that trial counsel presented every possible theory upon which the jury might have returned a verdict of not guilty. The fact that counsel's efforts did not succeed did not make his representation incompetent. *People v. Torres* (1973), 54 Ill. 2d 384, 391-92.

For the above reasons we affirm the holding of the circuit court of Cook County.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.