THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY MILES, Defendant-Appellant.

(No. 55284;

First District—July 15, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James N. Karahalios, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

After a bench trial, defendant was found guilty of the charges of attempt robbery and aggravated battery. He was sentenced to a term of 2 to 6 years for attempt robbery, and 2 to 5 years for aggravated battery, the sentences to run concurrently. On appeal defendant contends that he was erroneously denied the right to examine a police report and use it on cross-examination for the impeachment of a witness; that certain comments of the trial judge indicate that the court was not convinced of defendant's guilt beyond a reasonable doubt; and that the court erroneously sentenced defendant on both charges, although they resulted from the same conduct. The facts are as follows.

On July 29, 1969, at 5:15 A.M., Vivian Gary was on an elevated train platform awaiting a train. Since the incoming train was crowded, she decided to wait for another. As a result, she and defendant were the only

persons on the platform. Defendant, his hand under his coat, approached her. She testified that defendant said "This is a holdup. Give me your money." At defendant's command, she took all the money she had, six dollars, out of her billfold and gave it to him. She also testified that defendant said it was not enough money and told her to take it back. When she took the money back, defendant started talking to her. A uniformed police officer approached and, after she informed him what had happened, arrested defendant. She saw defendant grab the officer and throw him on the tracks. Defendant fled, and Mrs. Gary later saw him at the police station.

Officer Wilton Jones of the Chicago Police Department testified that on the platform he saw Mrs. Gary backing away from defendant, who had his hand under his coat in front of him. She had a purse in one hand and a billfold in the other. She said that defendant had robbed her; defendant denied it. The officer arrested defendant. As he attempted to handcuff defendant, the latter pushed him, and the officer fell to the tracks. The officer chased defendant and caught him a block away.

Defendant testified that he asked Mrs. Gary for a match. She misunderstood and took out some money. He told her that he asked for a match, not money. As he apologized to the lady, a police officer grabbed him. As defendant attempted to pull loose, the officer fell off the platform. Defendant testified that he became hysterical and ran. Defendant stated that he had his hand under his coat in order to hold up his trousers.

Defendant first argues that the trial court improperly denied his counsel's request for police reports for the purpose of impeaching Mrs. Gary during her cross-examination. When counsel started to cross-examine her, the State gave him a copy of her testimony before the grand jury. Counsel then asked Mrs. Gary if she had talked to any officers after the incident. She remembered talking to an officer, but didn't remember his name. The officer asked her questions and was taking her answers down. Defense counsel asked the State to produce any reports which contained Mrs. Gary's statements. The prosecutor said they had no such statements. Defense counsel then requested production of any report that contained an officer's statement as to what Mrs. Gary had told him. The prosecutor objected and said that he had two police reports made by Officer Jones, but that the reports contained only the officer's impressions. The trial court then sustained the State's objections. Subsequently, when Officer Jones took the stand, the prosecutor gave defense counsel the police reports in question.

■■ Defendant is entitled to a previous statement of a witness to be used for impeachment purposes, but the requirement applies only to specific statements which have been established to exist and which are

in the witness' own words or substantially verbatim. (*People v. Neiman* (1964), 30 Ill.2d 393, 197 N.E.2d 8; *People v. Wolff* (1960), 19 Ill.2d 318, 167 N.E.2d 197.) And if such a verbatim statement exists, it must be made available to the defense in time for cross-examination of the witness in question. (See *People v. Cagle* (1969), 41 Ill.2d 528, 244 N.E.2d 200.) While a police report may so qualify, it must be shown that the report contains some substantially verbatim statement in order to compel its production at the time of the witness' cross-examination. (See *People v. Durso* (1968), 40 Ill.2d 242, 239 N.E.2d 842.) In the instant case, the prosecutor's statement that the report contained only the police officer's impressions is borne out by what subsequently transpired at the trial. When the reports were furnished to defense counsel prior to his cross-examination of the police officer, counsel never challenged the State's claim that the reports contained no statements of Mrs. Gary, nor did he request that she be recalled for further cross-examination. (See *People v. Green* (1971), 133 Ill.App.2d 244, 272 N.E.2d 721.) We can only conclude that the reports in question contained no substantially verbatim statements of the witness. We find no error in the fact that the reports were not produced during Mrs. Gary's cross-examination.

■ ■ Defendant next contends that a comment of the trial judge indicated that he did not believe defendant to have been proved guilty beyond a reasonable doubt. At the hearing in aggravation and mitigation, defense counsel pointed out that there had been no violence in connection with the robbery attempt. The trial judge replied: "Counsel, I am sure that there was no violence in this case. I am also satisfied that what really happened was that Anthony thought he could make a touch here. And unfortunately for Anthony, a police officer happened to be on the scene." Defendant attempts to interpret that remark as meaning that the judge believed defendant was merely panhandling. However, prior to finding defendant guilty, the judge stated that he did not believe defendant's testimony about the incident, and that he believed Mrs. Gary was telling the truth. As trier of fact, it was the trial court's duty to determine the credibility of the witnesses. And in view of the testimony presented, it is apparent that the trial court's determination that defendant was proved guilty beyond reasonable doubt was justified. The comment of the judge, made at the time of sentencing, did not indicate any doubt of that guilt.

■ ■ Defendant finally maintains that the offenses of attempt robbery and aggravated battery arose out of the same conduct, and that the court thus erred in imposing separate sentences. If a defendant is convicted of two or more offenses resulting from the same conduct, he may not be sentenced on both, either concurrently or consecutively. (*People v.*

*Schlenger* (1958), 13 Ill.2d 63, 147 N.E.2d 316; Ill. Rev. Stat. 1967, ch. 38, sec. 1—7(m).) However in the present case, the two offenses, while closely related in time, did not arise out of the same conduct or transaction. The crimes involved were clearly distinct, required different elements of proof, and were perpetrated on two different victims. The attempt to rob Mrs. Gary was completed prior to the attack on the police officer. (See *People v. Johnson* (1970), 44 Ill.2d 463, 256 N.E.2d 343.) The offenses were legally distinct and the separate concurrent sentences were proper.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.