THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TRAVIS RANDOLPH, a/k/a, TRAVIS RANDOLPH, JR. *et al.,* Defendants-Appellants.

(Nos. 55147, 55149 cons.;

First District—March 2, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Judith Leland, Assistant Public Defender, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Elsener, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendants, Travis Randolph and Thomas Hunt, were charged with robbery and aggravated battery in a single indictment which contained separate counts for each offense. A jury trial was waived and the trial court found the defendants guilty on both counts. On the following day, after a hearing in aggravation and mitigation, they were sentenced to a term of one to five years in the penitentiary.

The defendants base their appeal upon two contentions: first, they claim the language of the court in sentencing them was so vague that it cannot be accurately determined for which offense they were sentenced; and, second, notwithstanding the first contention, the court erred in sentencing them for both offenses since the crimes of aggravated battery and robbery arose from the same act.

On an early morning in December, 1969, Joseph Hopkins met a prostitute on West Madison Street, Chicago, after he visited a nephew who lived nearby. An ensuing conversation led to an invitation to the girl's apartment where they engaged in sexual intercourse. After paying the prostitute the agreed upon fee of ten dollars, Hopkins had four dollars remaining in his wallet. As he was getting dressed, he noticed two men in the apartment whom he later identified as Randolph and Hunt. Randolph pushed Hopkins and Hopkins returned the shove saying, "Well, I'm going, get back."

The defendants followed Hopkins down the stairs and encountered him in a gangway. They grabbed him by the arms and pushed him against the building. They beat him and took his hat, watch and a wallet which contained identification papers including a driver's license.

After the robbery Hopkins went to his car and drove back to his nephew's house where he telephoned the police. Officer Norman De-White responded to the call and he and Hopkins proceeded to the prostitute's apartment where the officer gained admittance. There were several people in the apartment and Hopkins identified his assailants. Hunt tossed something on the kitchen floor which turned out to be Hopkins' driver's license. His watch and hat were also found in the apartment; his wallet, money and additional identification papers were not found.

■■ The evidence established the guilt of the defendants for the offenses with which they were charged: robbery and aggravated battery. Although Hopkins was beaten before he was robbed and no demand for money was made before or during the beating, the purpose of the beating was unmistakable. It was merely a prelude to the robbery—the force and intimidation which made the taking of his money and property robbery rather than theft. The offenses arose from the same conduct and only one sentence could be imposed. *People v. Boyd* (1969), 105 Ill.App.2d 345, 245 N.E.2d 587.

■■ It is not entirely clear from the record whether the defendants were sentenced for one or both offenses. The transcript of the proceedings contains only two pertinent statements by the court: "There willl be a finding of guilty as to both counts. * * * Each defendant will be sentenced from one to five years in the Illinois State Penitentiary * * *." A one to five-year sentence is within the statutory limits for the crime of aggravated battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(a)); similarly, it is a proper punishment for robbery. Chapter 38, paragraph 18—1(b).

Inasmuch as but one sentence was permissible (*People v. Duszkewycz* (1963), 27 Ill.2d 257, 189 N.E.2d 299), we conclude that the court sentenced the defendants for the crime of robbery. The judgments of con-

viction and the sentences for robbery, one to five years in the penitentiary for each defendant, are affirmed.

Judgments affirmed.

McGLOON, P. J., and McNAMARA, J., concur.