THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT BELL, Defendant-Appellant.

(No. 55914; ▮▮▮▮▮▮▮▮▮

First District—June 29, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a bench trial wherein the judge found the defendant guilty of attempt robbery and attempt murder and imposed concurrent sentences of six to 12 years for the two offenses. Defendant argues that the trial court improperly denied defense counsel access to a police report, containing a substantially verbatim statement of a witness, at the time that the witness was subject to cross-examination, and further he argues that he was improperly convicted and sentenced for two offenses arising out of the same transaction.

We affirm.

The facts adduced through the testimony of witnesses at trial are as follows:

On May 24, 1970, David Merrel, an employee at a hot dog stand located at Maxwell and Halsted Streets in Chicago, was approached by a man, identified at trial by Merrel as the defendant, who brandished a .45 caliber pistol and demanded money. In the course of turning over money, Merrel struck at the hand holding the pistol thereby causing the pistol to discharge and a bullet to graze Merrel's forearm.

At that point, Agene Beach, an off-duty policeman who had observed the entire proceeding, announced his office. The robber, who was iden-

tified at trial by Beach as the defendant, turned toward Beach and fired. Beach returned the fire and the robber fled. Beach then flagged down Officer Collins who proceeded with Beach to a location one block west of the hot dog stand where the defendant was arrested. It is Officer Collins' police report which is in issue here.

■■ In the course of defendant's trial, Officer Beach testified as a witness for the State. At the close of his direct testimony, defense counsel requested Officer Collins' police report, which contained Beach's account of the crime, for use in cross-examination. The report was denied to the defense at that time by the trial judge who stated, "If that officer [Collins] testified, I believe you are entitled to it."

The report in issue was tendered to the defense prior to Officer Collins' testimony, and at the conclusion of the case, defense counsel was given an opportunity to recall Officer Beach for cross-examination, an opportunity of which he did not avail himself.

■■ We agree with defendant that the report was relevant to his cross-examination of Officer Beach, and that it should have been made available to the defense at the time that the need for it arose. (*People v. Green* (Ill.App.Ct., 1971), 272 N.E.2d 721.) However, the fact that error was committed by the trial judge does not necessitate reversal. We find that the error complained of was rendered harmless, not only because the requested report was subsequently tendered to defense counsel, but most importantly, because the trial court gave the defendant an opportunity to recall Beach for additional cross-examination and possible impeachment after only one other witness had testified, and Beach's testimony was still fresh in the mind of the trier of fact. The error was cured by this action of the court.

■■ Finally, we cannot accept defendant's allegations that he was tried and sentenced for two offenses arising out of the same transaction. Although the two offenses were closely related in time, the attempted robbery was completed prior to when defendant turned and fired a weapon in the direction of Agene Beach, who had just identified himself as a police officer. This latter action constituted a different offense, was directed toward a different victim, and required different elements of proof. *People v. Miles* (Ill.App.Ct., 1971), 273 N.E.2d 647.

The judgment of the Circuit Court is, therefore, affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.