THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD COLLINS, Defendant-Appellant.

(No. 56191;

First District—December 27, 1972.

James J. Doherty, Public Defender, of Chicago, (Suzanne M. Kohut, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, (Elmer C. Kissane and Ronald F. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Ronald Collins, was indicted for the crime of murder. Following a bench trial in the Circuit Court of Cook County, the defendant was found guilty of voluntary manslaughter and the court sentenced him to a term of from two to ten years in the Illinois State Penitentiary. The defendant appeals from that judgment.

The sole issue presented for review is whether the defendant was proven guilty beyond a reasonable doubt.

On February 2, 1970, the defendant, Ronald Collins, was the driver of an automobile. Winston Jones, now deceased, was his passenger. As Collins was driving on 13th Street in Chicago, he observed Larry Jordan in front of a cleaners flagging him to stop. After stopping, the defendant was approached by Jordan and Richard Foster, who asked to be given a ride to a certain garage. The defendant agreed. Prior to reaching the garage, Richard Foster collected $5.00 which the defendant allegedly owed him. Upon reaching the garage, Foster told the defendant to wait for him. When the defendant told Foster he did not have the time to wait, the defendant testified Foster instructed Larry Jordan to kill him if he attempted to leave.

Subsequently, Foster returned to the car and asked Winston Jones where narcotics could be purchased. Jones informed him narcotics could be bought in the area of 13th and Spaulding. The defendant then drove to that location, whereupon Foster asked the defendant for $15.00. The defendant denied having money. Foster kicked the defendant in the head and threw the defendant's ignition key on the floor of the car. The defendant asked Winston Jones for some money, which he gave to Foster, who walked away with Larry Jordan. As the defendant was looking for his ignition key on the floor of the car, Winston Jones called Foster back to the car. The defendant testified Foster approached the car and took a revolver from his briefcase. The defendant also testified he was told by

Jones there was a revolver on the floor of the car beneath the front seat, which he then secured. Upon reaching the car, the defendant testified Foster pointed the revolver at him through the window of the car. The defendant admittedly fired at Foster four times and then drove way.

Larry Jordan testified to approximately the same events which occurred prior to the shooting. Jordan, however, denied Foster had a revolver when he returned to the defendant's car. Under cross-examination, Jordan admitted being high on heroin at the time of the shooting.

Officer James Pickett of the Chicago Police Department testified he observed Larry Jordan flagging down his squad car near 13th and Spaulding at approximately 5:30 P.M. on February 2, 1970. Upon stopping, Officer Pickett became aware of the shooting and made a protective search of Larry Jordan, which produced no weapons. No weapons were found by Officer Pickett on the person of the deceased or in the immediate vicinity of the body.

The defendant was subsequently indicted for murder. Following a bench trial, he was found guilty of voluntary manslaughter and sentenced to a term of from two to ten years in the Illinois State Penitentiary.

The defendant contends the evidence presented to the trial court failed to establish his guilt beyond a reasonable doubt. He presents two points in support of his contention. The first is, the case presented by the State was so inherently weak he could not have been proven guilty beyond a reasonable doubt. The defendant makes this assertion from the fact the only eyewitness to the shooting was Larry Jordan, who admitted on cross-examination he was high on heroin when the shooting occurred.

The rule in Illinois is well settled that the testimony of a narcotics addict will be viewed with great caution, and it necessarily follows his credibility will be subject to the most careful scrutiny. (*People v. Jordan* (1972), 5 Ill.App.3d 7.) However, such testimony will not be disregarded if it is believable in view of all the circumstances and other evidence. (*People v. West* (1971), 3 Ill.App.3d 106.) In the instant case, the totality of the evidence reflected in the record certainly supports the testimony presented by the addict. The testimony of the defendant as to the circumstances preceding the shooting is essentially the same as that of the addict. The testimony of the police officer who arrived at the scene soon after the shooting also corroborates the testimony of the addict that the deceased did not have a revolver nor was one found in the vicinity of his body. In view of this corroborative testimony, we necessarily reject the defendant's contention the State's case was so inherently weak it failed to prove the defendant guilty beyond a reasonable doubt.

The defendant's second point is, the State failed to overcome his claim of reasonable self-defense. He argues in view of the facts, the slaying

of the deceased in the instant case was an ultimate act of self-preservation, and the amount of force exerted was justified and not unreasonable. ■■■ In light of the evidence reflected in the record in the instant case, the position of the defendant is untenable. The issue of self-defense is always a question of fact. (*People v. Kendricks* (1972), 4 Ill.App.3d 1029.) Furthermore, a judgment will not be disturbed "unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable or unsatisfactory as to justify entertaining a reasonable doubt of the defendant's guilt." (*People v. Williams* (1968), 40 Ill.2d 522.) The trial court in the instant case was not required to accept the defendant's account of the circumstances preceding the shooting and did not. The record reflects the trial court specifically stated in finding the defendant guilty of voluntary manslaughter that the defendant's belief his action in shooting the victim was justified was unreasonable. We believe the judgment by the trier of fact was proper.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.