THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNIE WALTON, Defendant-Appellant.

(No. 56414; )

First District (3rd Division)—July 19, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James Staruck, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

This case involves multiple concurrent sentences of 5 to 15 years imposed on the defendant, Johnnie Walton, after he was found guilty in a non-jury trial of attempt murder and two armed robberies. His single contention in this appeal is that the court erred in sentencing him for the three crimes since they occurred in the same transaction.

Shortly after midnight on September 2, 1970, Walton and two other men entered a tavern on North Kedzie Avenue, Chicago. A stickup was announced and Walton with a pistol in his hand approached Angeline Congiusti who was seated at the bar and took her money. After robbing other patrons at the bar he went into the back room. Stephen Huneniuk,

the proprietor of the tavern, had been tending bar that evening but before the defendant and his companions entered he left the bar to take care of two dogs he kept at the rear of the tavern. He stepped outside momentarily and when he returned through the back door he was met by Walton brandishing a gun. Walton said: "This is a stickup. You better have money." Huneniuk gave the defendant his wallet containing $50 or $60, as well as his watch and diamond ring which Walton demanded. Walton then asked Huneniuk "where the gun was." Huneniuk said he had no gun but finally gave him a toy one he had nearby. Walton threw it into a sink and told Huneniuk, "You son-of-a bitch, I'll shoot you." Then he shot Hunenuik in the face at close range. He and his associates then left the tavern after having been there approximately a half hour. The defendant was apprehended, charged and convicted of the armed robbery of Congiusti and the armed robbery and the attempt murder of Huneniuk.

In *People v. Schlenger* (1958), 13 Ill.2d 63, 147 N.T.2d 316, the court was presented with the question of the propriety of concurrent sentences where the defendant was convicted of robbery and grand larceny growing out of a single transaction involving one individual and one amount of money. It was determined that concurrent sentences should not have been imposed, and the judgment upon the lesser charge of grand larceny was reversed. Paragraph (m) of section 1—7 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m)) dealt with the problem by providing:

> "Consecutive and Concurrent Sentences:
> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, * * * the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

The comments of the drafting committee state that this provision is intended to codify the holding in *People v. Schlenger* "by the implicit converse of the provision stated, *i.e.,* if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively." S.H.A., ch. 38, ss. 1—7, Committee Comments, p. 34, 37.

■■ The legislature has defined conduct as: "an act or a series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1969, ch. 38, par. 2—4.) It is clear that where the conduct involved is one act constituting more than one crime, sentence is to be imposed only for the greater offense. Thus, in *People v. Duszkewycz* (1963), 27 Ill.2d 257, 189 N.E.2d 299, the defendant was charged with both rape and incest involving

the same victim and arising out of the same act—having intercourse with his daughter. The reviewing court vacated the sentence for incest holding that only the sentence for the greater offense, that of rape, was proper, since two punishments cannot be imposed for a single act even though different elements are involved in the two crimes.

Similarly, in *People v. Lerch* (1972), 52 Ill.2d 78, 284 N.E.2d 293, an indictment charged the defendant, an inmate in a penitentiary, with attempted escape and aggravated battery of a jailer. The conduct constituting both offenses was found to be identical and only the sentence for the more serious offense, aggravated battery, was permitted to stand. See also: *People ex rel Starks v. Frye* (1968), 39 Ill.2d 119, 233 N.E.2d 413 (two reckless homicides but only one automobile collision).

■■ However, conduct for which only one sentence is imposed may also involve a series of unlawful acts on the part of the defendant. In *People v. Randolph* (1972), 4 Ill. App.3d 277, 280 N.E.2d 774, the defendant was charged with both aggravated battery and robbery. This court determined that the beating of the victim occurred as a prelude to the robbery and, therefore, both offenses arose from the same conduct, permitting the imposition of sentence for only the greater of the offenses. (*Cf. People v. Stewart* (1970), 45 Ill.2d 310, 259 N.E.2d 24 (aggravated battery and attempt robbery).) In *People v. Whittington* (1970), 46 Ill.2d 405, 265 N.E.2d 679, the defendant was charged with the offense of escape from the penitentiary and the theft of a vehicle. The vehicle was needed to effectuate the escape. The theft was found not to be separable from the conduct which constituted the offense of escape and only the sentence on the charge of escape was allowed to stand.

In *People v. Cox* (1972), 53 Ill.2d 101, 291 N.E.2d 1, the defendant was charged in a two-count indictment with having engaged in an act of intercourse and deviate sexual conduct with a child, thus violating the statute prohibiting indecent liberties wth a child. (*Ill.* Rev. Stat. 1965, ch. 38, par. 11—4.) It was held that only a single sentence could be imposed since both acts constituted the offense of indecent liberties and the acts were performed almost simultaneously with one victim.

■■ In contrast to the above cases are those in which more than one offense is committed during a series of closely related acts constituting separate and distinct crimes requiring different elements of proof and permitting separate sentences. (*People v. Johnson* (1970), 44 Ill.2d 463, 256 N.E.2d 343; *People v. Bell* (1972), 6 Ill.App.3d 427, 286 N.E.2d 27; *People v. Miles* (1971), 133 Ill.App.2d 599, 273 N.E.2d 647.) In *Johnson,* the defendant was charged with burglary and rape. The Supreme Court found that separate sentences were appropriate, for the burglary was completed before the defendant sexually assaulted the victim. In *People*

*v. Bell,* the defendant was convicted of attempt robbery and attempt murder; although the events were closely related in time, this court found that the attempt robbery had been completed before the defendant fired at the police officer who had come on the scene and, therefore, a separate sentence for attempt murder was warranted.

The robbery of Congiusti and the robbery of Huneniuk were separate and distinct acts. Huneniuk was not even present when the defendant entered the tavern, demanded money and robbed Congiusti and the other patrons at the bar. After he completed robbing the customers at the bar he left that area and walked to the back of the tavern. There, in another room he accosted the proprietor who was unaware that his customers had been robbed, and while displaying his gun demanded and received Huneniuk's money and other valuables.

■■ Likewise, shooting Huneniuk was a distinct act. Not only were different elements of proof necessary to establish the offense, but the shooting was not a component part of the robbery. It was not done to compel the victim to surrender his possessions for Huneniuk offered no resistance and complied with all the defendant's orders; he was shot in the face after his money, ring and watch had been taken from him. The defendant was provoked because after demanding a gun, Huneniuk handed him a toy. He threw it into the sink in disgust and sneered, "You son-of-a-bitch, I'll shoot you." Shooting Huneniuk was a separate act and was punishable as such.

The three concurrent sentences were proper and the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.