THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LONNIE GILFORD, Defendant-Appellant.

(No. 58741;

First District (1st Division)—January 14, 1974.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court:

The defendant, Lonnie Gilford, was found guilty of armed robbery and aggravated battery in a bench trial and sentenced to concurrent terms of 5 to 10 years on the armed robbery and 2 to 5 years on the aggravated battery.

On the evening of June 24, 1971, William Brooks drove to the Astronaut Lounge at 2305 South State Street in Chicago. Before he entered the lounge he saw several people standing on the street, including the defendant and a man named Samuel Herbert, who was known as "Shorty." Brooks remained in the lounge until about 9:00 P.M. and before leaving told "Shorty" that he had nothing to talk to the defendant about.

Brooks then left the lounge and sat on the fender of his car. He saw the defendant about 30 feet away talking to some men in front of a candy store. He testified that shortly thereafter the defendant approached the car, then pulled out a pistol and announced a stick-up; Brooks raised his hands to his shoulders and the defendant kept repeating, "Give me the money." When Brooks stood up, the defendant fired a shot into his stomach from a distance of 4 to 5 feet; Brooks fell to the ground face up, and the defendant continued to demand money; he ripped the front pockets out of Brooks' pants and removed $75. Brooks rolled over on his stomach; the defendant removed his wallet, containing $200 and ran away.

On cross-examination Brooks testified that he had used narcotics but he had never sold them. In June, 1971, he was not on narcotics, and he had been on a drug abuse program for about 30 months.

Samuel Herbert, known as "Shorty," testified for the State that he was in the vicinity of 2305 South State Street and was on his way to catch a bus home when the defendant asked him if he had seen Brooks. Following a request by the defendant, Herbert entered the Astronaut Lounge and told Brooks that the defendant would like to see him. Her-

bert then went outside and told the defendant that Brooks "wasn't doing anything." A couple of minutes later Brooks came out of the lounge and sat on the fender of his car. The defendant approached Brooks and asked him if "he was doing anything." Herbert then heard the defendant say, "take your hands out of my pockets." He then heard a shot and saw a gun in the defendant's hand.

On cross-examination Herbert testified that the phrase "he wasn't doing anything" related to Brooks' narcotics dealings. He stated that Brooks was a known narcotics dealer but he had never seen him sell narcotics.

Thomas Cullens testified for the State that he saw Brooks standing next to his car with "Shorty." The defendant approached and he heard a shot. Brooks fell to the ground and "Shorty" left. Cullens observed a gun in the defendant's hand. After Brooks fell the defendant bent over him and said, "Give me your money or the jive," grabbed Brooks' pocket and ripped it. On cross-examination Cullens testified that he had used narcotics but he was not then addicted.

James H. Larson, a police officer, arrived at the scene of the shooting and saw Brooks lying on the sidewalk. He saw that one of Brooks' pants pockets was turned inside out and the right one was ripped.

The defendant testified that he bought dope from William Brooks just about every day. On June 24, he saw him in front of the Astronaut Lounge and asked him if he had any dope. Brooks said that he did, and the defendant gave him $15. Brooks went into the lounge and came out five minutes later with a bag of dope. The defendant switched bags and gave a bag of milk sugar to two fellows waiting across the street. The defendant then went to a building across the street, "shot the dope" and then left for home without hearing any gunfire.

■■ The defendant first contends that he was not proved guilty beyond a reasonable doubt because the conviction was based, in part, on the testimony of narcotics addicts. Although the evidence shows that Brooks and Cullens had previously used narcotics, there is no evidence that they were addicts when they testified; and Herbert was not shown to have any connection with narcotics. The only admitted narcotics user was the defendant himself. The credibility of a witness is a matter to be determined by the trier of fact, and a conviction will not be reversed unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Goss,* 10 Ill.App.3d 543, 294 N.E.2d 744.) Although the fact that a witness may be a narcotics addict has an important bearing on his credibility, it does not render it totally unbelievable. (*People v. Hudson,* 106 Ill.App.2d 130, 245 N.E.2d 613; *People v. Collins,* 9 Ill.App.3d 467, 292 N.E.2d 441.) It is certain Brooks was shot; it is certain his pocket

was ripped. No reason is suggested why the witnesses should falsely accuse the defendant. The testimony of Brooks and Cullens is corroborated by Herbert. We are satisfied that the evidence establishes the guilt of the defendant beyond a reasonable doubt.

■■ The defendant next contends that he should not have been convicted of two crimes because the armed robbery and the aggravated battery arose out of the same transaction. In the case of *People v. Smith,* 6 Ill.App.3d 259, 285 N.E.2d 460, the court upheld a conviction of aggravated battery, attempt rape and armed robbery. The evidence showed that within a short time span the defendant struck the victim in the face with his fist causing the aggravated battery, then he attempted to rape her and finally, after terrorizing her with a knife, robbed her. The court held that there were separate and distinct crimes that resulted from clearly divisible offenses. Similarly, in this case the evidence shows that the defendant approached Brooks and shot him in the stomach. Thereafter he stood over Brooks with a gun in his hand and took money from his pockets. The aggravated battery was complete when the defendant shot Brooks; the armed robbery did not occur until he bent over the fallen victim and took over $200. Although the offenses arose from a series of closely related acts, the crimes were clearly distinct and required different elements of proof. Separate convictions and sentences were therefore proper. See also *People v. Walton,* 13 Ill.App.3d 492, 301 N.E.2d 114; *People v. Ike,* 7 Ill.App.3d 75, 286 N.E.2d 391; *People v. Thomas,* 127 Ill.App.2d 444, 262 N.E.2d 495.

■■ Finally, the defendant contends that his sentence of 5 to 10 years for armed robbery should be reduced because the minimum term is in excess of one-third of the maximum. The offense occurred on June 24, 1971, at which time the minimum sentence for armed robbery was two years. (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2.) At the time the case went to trial, the minimum sentence for armed robbery had been increased to five years. Before sentencing, the trial court was informed of the defendant's previous convictions for theft and unlawful use of weapons and that the two-year, rather than five-year, minimum sentence was applicable. (See *People v. Wyckoff,* 106 Ill.App.2d 360, 364, 245 N.E.2d 316.) In light of the defendant's prior record the five-year minimum statute was not improper. Moreover, armed robbery is now classified as a Class 1 Felony and as such does not require that the minimum sentence be no greater than one-third the maximum. (Ill. Rev. Stat. 1973, ch. 38, sec. 18—2(b) and sec. 1005—8—1(c)(2).) We conclude that the sentence of 5 to 10 years for armed robbery should not be disturbed.

■ Aggravated battery, however, is a Class 3 Felony (Ill. Rev. Stat. 1973, ch. 38, sec. 12—4(d)) and requires that minimum term shall not

be greater than one-third the maximum. (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—8—1(c) (4).) We therefore reduce the minimum sentence for aggravated battery to 20 months.

The judgment of the Circuit Court of Cook County is affirmed, as modified.

Judgment affirmed as modified.

BURKE and GOLDBERG, JJ. concur.