THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN ASHTON, Defendant-Appellant.

(No. 59049;

First District (4th Division)—February 13, 1974.

Paul Bradley, Deputy Defender, of Chicago (Martin Carlson, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Alan W. Brothers, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Herman Ashton, was indicted for armed robbery and aggravated battery. Following a bench trial, the defendant was found guilty and sentenced to a term of from two to five years in the Illinois State Penitentiary.

The only issue presented on appeal is whether the defendant was denied his right to a fair trial when the physical evidence involved in his case was destroyed by the State prior to trial.

The defendant, Herman Ashton, was charged in an indictment returned on May 21, 1968, with the offenses of armed robbery and aggravated battery. On August 27, 1968, the trial court granted the defendant's motion for a Fourth Term discharge. The State appealed the

order, and this court reversed the judgment of the trial court and remanded the cause for further proceedings on September 29, 1970 (*People v. Ashton*, 130 Ill.App.2d 147). The defendant was retried on November 29, 1972. At the trial, the complainant, Margaret Pearman, testified that on April 3, 1968, about 12:30 A.M., she was standing on an "L" platform at 58th Street waiting for a train. The defendant grabbed her from behind and held a knife to her throat. The defendant pushed the complainant behind an advertisement sign, grabbed a radio which she was carrying, and asked her if she had any money. The encounter lasted three or four minutes, during which time the complainant directly faced the defendant. The defendant then descended the platform stairs to the street. The complainant followed the defendant down the stairs, saw a policeman in the station, and yelled to him that the man who just ran by had robbed her. Police officer Howard Medici testified he chased after the defendant, saw him throw a knife into a doorway, caught and arrested the defendant, and then immediately recovered the knife. Following the arrest, the officer took the defendant back to the "L" station and the complainant identified Herman Ashton as the man who robbed her. The officer searched the defendant and recovered a portable radio which the complainant identified as belonging to her. Officer Medici further testified that the knife and radio he recovered were destroyed by the Chicago Police Department on July 16, 1969, after the defendant had been granted a Fourth Term discharge by the trial court and before such discharge order was reversed by the Appellate Court. At the conclusion of the trial, the court found the defendant guilty of armed robbery and aggravated battery and sentenced him to a term of from two to five years on his conviction of armed robbery.

The defendant contends he was denied a fair trial when the physical evidence involved in his case was destroyed by the State prior to trial. The defendant argues that the destruction of the portable radio and knife by the Chicago Police Department denied him his right to confront the evidence against him. The defendant bases his contention on the decision in *Pointer v. Texas* (1965), 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065, wherein the Supreme Court held that the right of an accused in a criminal case to confront the witnesses against him is a fundamental right of due process of law guaranteed by the Fourteenth Amendment.

■■ We believe the defendant was afforded a fair trial and was proven guilty beyond a reasonable doubt. While it is improper to destroy evidence material to the outcome of a trial, the instant case turned on the positive identification of the defendant by the complainant and police officer, and the hot pursuit and immediate arrest of defendant by

said officer. The portable radio in and of itself was not a material and deciding factor in the case at bar. The complainant identified the radio as "her radio," and defendant made no attempt to distinguish or identify the radio. In *People v. Flournoy* (1971), 1 Ill.App.3d 918, this court held that the destruction by the State of certain physical evidence did not deny the defendant due process of law where the materiality of the evidence was not demonstrated by the defendant. In the instant case, testimony proved the defendant guilty beyond a reasonable doubt, and the physical evidence would have only increased the evidence against him.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.