THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* HERMAN ASHTON, Petitioner-Appellant.

(No. 61238; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—September 18, 1975.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Paul Bradley and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Frances T. Norek, Assistant State's Attorneys, of counsel) for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

Herman Ashton was convicted of armed robbery and aggravated battery (Ill. Rev. Stat. 1967, ch. 38, pars. 18—2 and 12—4), and was sentenced on the armed robbery conviction to a term of from two to five years in the Illinois State Penitentiary. This court affirmed the conviction (*People v. Ashton* (1974), 18 Ill.App.3d 27, 309 N.E.2d 285). Ashton then filed an amended petition for relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). He now appeals the dismissal of that petition contending that the aggravated battery conviction should be reversed because it was based upon the same conduct as his armed robbery conviction.

The facts, as set forth in the previous decision of this court, show that Ashton grabbed the victim, who was standing on an "L" platform, from behind and held a knife to her throat, then pushed her behind an advertising sign, grabbed her radio and asked if she had any money. The "encounter" lasted three or four minutes and when Ashton fled the victim followed and hailed a policeman who arrested him.

The use of force or the threat of the imminent use of force is an essential element of the crime of robbery. Holding the knife to the victim's throat was merely a prelude to the taking of her property—the force

and intimidation used to effect the robbery—therefore, the defendant should not have been convicted on the lesser charge. *People v. Ashford* (1974), 17 Ill.App.3d 592, 308 N.E.2d 271; *People v. Randolph* (1972), 4 Ill.App.3d 277, 280 N.E.2d 774; *People v. Lilly* (1974), 56 Ill.2d 493, 309 N.E.2d 1.

The State maintains that the defendant's present contention raised for the first time in this court is barred by his failure to raise it either on direct appeal or in his post-conviction petition. In *People v. Sanford* (1975), 25 Ill.App.3d 763, 324 N.E.2d 12, this court found that a murder and arson offense arose out of the same course of conduct requiring that the lesser offense of arson be vacated. The court further held that this allegation which was raised for the first time in the petitioner's second post-conviction petition was cognizable under the Post-Conviction Hearing Act and that the issue was not subject to the *res judicata* waiver doctrine because of the fundamental fairness exception. The only important difference between *Sanford* and this case is that *Sanford* had raised the issue in his second post-conviction petition in the trial court. We have concluded that in the interests of an orderly administration of justice we will consider the claim on this appeal rather than put the defendant and the State to the additional expense of a second post-conviction petition. (*Cf. People v. Scott* (1969), 43 Ill.2d 135, 251 N.E.2d 190.) The judgment of conviction on the charge of aggravated battery is therefore vacated under the authority of Supreme Court Rule 366 (Ill. Rev. Stat. 1973, ch. 110A, par. 366; see *People v. Shanklin* (1975), 26 Ill.App.3d 167, 324 N.E.2d 711); in all other respects the judgment of the Circuit Court of Cook County is affirmed.

Vacated in part; affirmed in part.