THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK LOVE, Defendant-Appellant.

First District (1st Division)    No. 77-457

Opinion filed May 8, 1978.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan Cherry, and Richard Heytow, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Frank Love was indicted for the murders of Dr. Lawrence Gluckman, Minnie Harris, and Tressie Harris. He was also indicted for the aggravated kidnappings of these persons and with conspiracy to commit the aggravated kidnapping of Dr. Gluckman.

Prior to trial, defendant filed a motion to suppress statements he made after his arrest, alleging both coercion and lack of probable cause to make the arrest. A hearing was held, after which defendant's motion was denied.

At defendant's jury trial, he was convicted of all charges except the murders of Minnie and Tressie Harris. He was subsequently sentenced to four concurrent 6 to 20 year prison terms for the aggravated kidnappings and the conspiracy to kidnap Dr. Gluckman. He was also sentenced to an additional concurrent term of 25 to 40 years imprisonment for the murder of Dr. Gluckman.

On appeal, defendant argues (1) that the police lacked probable cause

to arrest him because their informant was a narcotics addict and further, because probable cause was also based on information obtained from illegal eavesdropping; (2) that the trial court erred in preventing defendant from offering proof that no person implicated in his confession had yet been arrested or charged; and (3) that he was improperly convicted of both the inchoate offense of conspiracy to commit aggravated kidnapping and the principal offense of aggravated kidnapping.

We affirm in part, and reverse in part.

Defendant Frank Love was indicted for the murders of Dr. Lawrence Gluckman, Minnie Harris and Tressie Harris. He was also indicted for the aggravated kidnappings of these persons and with conspiracy to commit the aggravated kidnapping of Dr. Gluckman. On April 25, 1975, their bodies were discovered in Dr. Gluckman's abandoned automobile. Dr. Gluckman's body was discovered in the trunk of the car, while the bodies of Minnie and Tressie Harris were found in the back seat. The cause of death for Dr. Gluckman was determined to be cranial injury and coronary insufficiency, probably a heart attack. The deaths of Minnie and Tressie Harris were both caused by bullet wounds to the head.

Pursuant to the investigation of the murders, police officers questioned Delores Townsend, an employee in one of Dr. Gluckman's clinics. Miss Townsend was also known as Delores White and was later implicated by defendant as an accomplice. She told investigators that on April 23, 1975, the defendant told her that he was angry at Dr. Gluckman because the doctor refused to fill out a medical form for him. The form would have allowed the defendant to remain away from his job and collect compensation. The defendant then told Miss Townsend that he was going to get even with the doctor and asked her how much she thought the doctor was worth. Miss Townsend also stated that defendant called her on April 25, 1975, and told her that he "grabbed" the doctor and that he died after being struck in the head. Investigator Banahan overheard a telephone conversation made by Miss Townsend from Area 2 Headquarters. Miss Townsend gave her permission for Investigator Banahan to listen on an extension phone while she called someone she claimed was the defendant. Banahan heard an unidentified voice tell Miss Townsend that she should not have called. The unidentified person then hung up. Based on this information, a warrant was issued for defendant's arrest. He was arrested at his apartment, sometime after midnight, on April 27, 1975.

At the police station, defendant was advised of his rights, which he stated he understood. Initially, he denied any participation in the crimes; however, he later made a statement in which he admitted participation.

Further, his statement implicated a number of people including: Delores Townsend, Lee Sanders, David Clay, Michael Wilson, Harold Smith, Roosevelt Clay, "Fast Black," and Willie Carter.

Prior to trial, a probable cause hearing was held. There defendant attempted to cross-examine the police officers concerning their knowledge of Delores Townsend's use of narcotics. It was defendant's contention that Delores Townsend was a narcotics addict and that knowledge of this by police officers rendered her unreliable as an informant. Several times defendant pursued this line of inquiry and each time the State objected on the grounds of irrelevance. The objections were sustained.

Defendant also argued that the police officers lacked probable cause to make the arrest because the officers relied on information obtained from illegal eavesdropping. It was defendant's theory that the telephone conversation between Delores Townsend and the unidentified male, which she claimed was defendant, should have been suppressed because the police officers did not have authorization from the State's Attorney to intercept the call. The court, however, ruled that the conversation was admissible. The cause then proceeded to trial.

During the jury trial, defendant attempted to introduce into evidence the fact that no one implicated in his statement at the police station had been subsequently arrested or charged with an offense. The trial court refused to admit this testimony into evidence.

At the end of the trial, defendant was found guilty of the aggravated kidnappings of Dr. Gluckman and the Harris sisters, conspiracy to commit the aggravated kidnapping of Dr. Gluckman, and the murder of Dr. Gluckman. Defendant was found not guilty of the murders of Minnie and Tressie Harris. He was sentenced to serve four, concurrent 6 to 20 year prison terms for the aggravated kidnappings and conspiracy to kidnap Dr. Gluckman. He was also sentenced to an additional, concurrent term of 25 to 40 years imprisonment for the murder of Dr. Gluckman.

On appeal, defendant's first contention concerns the probable cause hearing. He argues that the failure of the court to allow him to cross-examine the police officers concerning Delores Townsend's use of narcotics was reversible error. It is defendant's view that Miss Townsend's prior use of narcotics, if known to the police officers, would have affected whether her credibility was sufficient to establish probable cause to arrest defendant. Because drug users are notorious liars, defendant argues, information from them cannot sustain probable cause to make an arrest.

■■ ■ We disagree. It is clear that probable cause to arrest requires

substantially less than evidence sufficient to prove guilt beyond a reasonable doubt. (*People v. Doss* (1970), 44 Ill. 2d 541, 256 N.E.2d 753; *People v. Huggin* (1974), 25 Ill. App. 3d 409, 323 N.E.2d 370.) Further, testimony of an addict is not necessarily unbelieveable and the fact that a witness may be a user of narcotics, alone, does not discredit his testimony. (*People v. Taylor* (1977), 53 Ill. App. 3d 241, 368 N.E.2d 699; *People v. Mitchell* (1975), 34 Ill. App. 3d 311, 340 N.E.2d 226; *People v. Gilford* (1974), 17 Ill. App. 3d 131, 308 N.E.2d 55.) Finally, the information upon which the probable cause is based need only be reasonably trustworthy, when viewed in the totality of the circumstances. *Adams v. Williams* (1972), 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921.

In *People v. Finklea* (1976), 40 Ill. App. 3d 975, 354 N.E.2d 57, the defendant was charged with unlawful use of weapons after being arrested on information supplied by unidentified informants. On appeal, the defendant contended that there was no probable cause to arrest him because the reliability of the informants had not been established. However, we held that police officers are justified in relying on information provided by ordinary citizens and the reliability requirement applicable to professional informers does not apply.

In the instant case, at the time Delores Townsend provided the information upon which the police officers arrested defendant, she was merely an ordinary citizen who was being interviewed concerning the case. She had never given information to the officers in the past and was clearly not a professional informant. Furthermore, at the time she gave the information, she was not a suspect in the case. Therefore, the police officers were justified in relying upon the information supplied by her and in finding probable cause to arrest the defendant.

Defendant next contends that the telephone conversation between Delores Townsend and the unidentified male whom she claimed was the defendant, should have been suppressed at the probable cause hearing. Defendant argues that the police officer who overheard the conversation by using an extension telephone, engaged in illegal eavesdropping.

■■ We disagree. First of all, the conversation was never admitted into evidence at trial. Secondly, even if the overhearing of the conversation were impermissible, the officers still had probable cause to arrest the defendant, based on the information supplied by Delores Townsend. We therefore fail to see how defendant was in any way prejudiced by the conversation. Accordingly, his contention that the telephone conversation should have been suppressed is without merit.

Defendant next contends that the trial court erred in not allowing him to introduce evidence, during trial, that no person implicated in his statement at the police station had been arrested or charged in the conspiracy. During trial, defendant argued that the statements elicited

from him at the police station were the result of coercion. In order to prove that claim, he attempted to introduce into evidence the fact that none of the persons implicated in his statement were subsequently arrested or charged with an offense.

■■ Defendant's recollection of the facts is not entirely accurate. The record reveals that defendant entered into a stipulation with the State that had Investigator Katalinic been called to testify, he would have testified that subsequent to April 26, 1975, Anthony Williams, David Clay, Roosevelt Clay, Harold Smith, Michael Wilson and Willie Carter were all arrested but later released because of insufficient evidence. The trial court has the right to exclude evidence which serves no useful purpose. (*People v. Lewis* (1976), 38 Ill. App. 3d 995, 349 N.E.2d 528.) Here, testimony that these people were released because of insufficient evidence would have served no useful purpose because it did not prove that defendant's statements were coerced and it may have served only to confuse the jury. Therefore, reversible error was not committed by the exclusion of the testimony.

■■ Finally, defendant contends that his conviction and 6- to 20-year prison sentence for conspiracy to commit the aggravated kidnapping of Dr. Gluckman cannot stand because he was also convicted of the principal offense of aggravated kidnapping. We agree and the State admits that allowing the conviction for conspiracy to commit aggravated kidnapping to stand would violate section 8—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—5). The conviction for conspiracy to commit the aggravated kidnapping of Dr. Gluckman must be reversed.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed as to the convictions of murder and aggravated kidnapping; the judgment is reversed as to the offense of conspiracy to commit the aggravated kidnapping of Dr. Gluckman and the sentence imposed thereon.

Judgments affirmed in part, reversed in part.

GOLDBERG, P. J., and O'CONNOR, J., concur.